UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JOSHUA VAUGHAN,<br>  Plaintiff, | )<br>)<br>) |
| vs. | )   No. 2:10-cv-276-wks<br>)   Jury Trial Demanded |
| VERMONT LAW SCHOOL, INC.,<br>SHIRLEY JEFFERSON, and<br>RACHEL HERBST,<br>  Defendants. | )<br>)<br>)<br>)<br>) |

PLAINTIFF'S OBJECTION TO VLS AND JEFFERSON'S
MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Joshua Vaughan ("Vaughan"), objects to Vermont Law School, Inc. ("VLS"), and Shirley Jefferson's ("Jefferson") Motion For Judgment on the Pleadings (Document 7) for the following reasons:

MEMORANDUM

Introduction

VLS and Dean Jefferson pursued claims of rape and sexual harassment against plaintiff for eight months, in gross negligence and bad faith, and in the process destroyed his academic and social career at the law school. In addition, they wrongfully denied him his grades and transcripts, effectively making it impossible for him to transfer to another school.

Plaintiff's action against VLS and Jefferson is in four counts, as follows:

| | Claim | Defendants |
|---|---|---|
| II | Negligence | VLS, Jefferson |
| III | Intentional Infliction of Emotional Distress | VLS, Jefferson |
| IV | Negligent Infliction of Emotional Distress | VLS, Jefferson |
| V | Breach of Contract/FERPA | VLS |

1

Legal Standard

Plaintiff agrees with defendants (MJOP at 5) that the standard on a Rule 12(c) motion is the same as that on a Rule 12(b)(6) motion: The court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its fact.

I. TITLE NINE DOES NOT IMMUNIZE DEFENDANTS FROM TORT, CONTRACTUAL OR STATUTORY LIABILITY

The motion appears to be based on defendants' assertion that they "acted in accordance with their legal obligations by investigating RH's claims in good faith." MJOP at 2. Their argument (pp. 7 ff) consists of referring to the Title IX statute (without any particular references) and a Department of Education document entitled "Revised Sexual Harassment *Guidance*," which they erroneously call "regulations."[1]

While this is not a suit under Title IX, there is no dispute that VLS is bound by Title IX, and that Title IX requires appropriate investigation of sexual assault and harassment. In fact the actual Title IX regulations – not quoted by defendants – do not contain a grant of immunity but impose an affirmative obligation of "prompt and equitable resolution" of student complaints such as the one brought against plaintiff here:

> *Complaint procedure of recipient*. A recipient [of federal assistance, including VLS] shall adopt and publish grievance procedures providing for <u>prompt and equitable resolution</u> of student and employee complaints alleging any action which would be prohibited by this part.

---

[1] Title IX is codified at 20 U.S.C. §1681 ff., and the DOE regulations are at 34 C.F.R. Part 106. Defendants do not cite a single provision of those.

The DOE Guidelines, on the other hand, do not have the force of law, and state repeatedly on their face that they are "guidance."

2

34 C.F.R. §106.8 (emphasis added). Here, the complaint alleges facts showing violation of both the promptness and equitableness obligations.

Nothing in Title IX, the DOE regulations or the case law grants covered institutions <u>immunity</u> from tort, contractual or statutory liability for carrying out an investigation under Title IX, let alone ones which are carried out negligently and in bad faith, as alleged in the complaint here. Defendants have not cited a single statute, regulation or case so holding.

Nor do the "Guidelines" contain any hint of immunity for negligent or bad faith investigations and proceedings, and defendants do not highlight any passage they claim does so. To the contrary, the "Guidelines" highlight that responsibility remains:

> X.  <u>Due Process Rights of the Accused</u>
>
>    . . . The Constitution also guarantees due process to students in public and State-supported schools who are accused of certain types of infractions. . . . The rights established under Title IX must be interpreted consistent with any federally guaranteed due process rights involved in a complaint proceeding. . . . In both public and private schools, <u>additional or separate rights may be created for employees or students by State law, institutional regulations and policies, such as faculty or student handbooks,</u> and collective bargaining agreements. <u>Schools should be aware of these rights and their legal responsibilities to individuals accused of harassment</u>.

Ex. C to MJOP, at 22 (emphasis added).

Moreover, the case law is replete with cases holding institutions liable for improperly investigating and/or prosecuting under their disciplinary codes, with no mention or hesitation at all for supposed immunity based on Title IX. E.g., <u>Fellheimer v. Middlebury College</u>, 869 F. Suppp. 238, 242 & 247 (D. Vt. 1994) (no discussion of purported Title IX immunity, but college found liable on claim that it was "obligated to conduct disciplinary proceeding in a fair, objective and impartial manner and breached its

3

obligation by engaging in arbitrary, capricious and fundamentally unfair conduct"); Goodman v. President and Trustees of Bowdoin College, 135 F. Supp. 2d 40, 53-58 (D. Me. 2001) (refusal under Rule 12(b) to dismiss tort and contract claims for failure to provide "fundamental fairness [and] impartiality" in disciplinary proceedings); Barnes v. Zaccari, 2010 WL 4977482 (N.D. Ga. Sept. 3, 2010) at *20 (summary judgment for expelled student on breach-of-contract claim that university "failed to provide [student] with the procedural processes outlined in the handbook;" trial set to determine damages).

      Defendants ask the court to accept on blind faith their own characterization that they "acted reasonably and in good faith in compliance with their legal obligations under Title IX." MJOP at 11 (emphasis added). Reasonableness and good faith are quintessential fact issues; they are contested here; and defendants' self-serving conclusion cannot be the basis for judgment on the pleadings. The court must accept all of the well-pleaded allegations of the complaint for judgment on the pleadings purposes, and the allegations of Paragraph 58 of the complaint,[2] by way of example, easily constitute allegations of negligence and bad faith and therefore defeat the motion:

> 58. The defendants breached their duties of care, at least, in the following ways:
>
> (a) By making false and/or reckless statements about plaintiff, as set forth above.
>
> (b) Jefferson and VLS, by negligently or in bad faith making a determination that there were "reasonable grounds to believe that a violation of the Code had occurred," and by pursuing a Disciplinary Process, despite having the exculpatory Church, Engle report.
>
> (c) Jefferson and VLS, by Jefferson acting as a partisan prosecutor in the Disciplinary process and hearing, and by permitting

---

[2] The summary allegations in Paragraph 58 are not the sole allegations of negligence and bad faith. There is a great deal of other bad faith conduct alleged in Paragraphs 21-45.

        VLS' outside counsel to act as a prosecutor, in a hearing which was supposed to be "not a formal adversarial [hearing]."

        (d) Jefferson and VLS, by pursuing a VLS Code of Conduct Disciplinary Process for conduct occurring prior to plaintiff's becoming a student and occurring in a completely private setting.

        (e) Jefferson and VLS, by pursuing a "sexual harassment" or "pattern of conduct" charge for conduct which did not bear any relationship to employment or education at VLS or create an intimidating, hostile or offensive employment or educational environment.

        (f) Jefferson and VLS, by pursuing a "sexual harassment" or "pattern of conduct" charge without informing plaintiff . . . it was being considered and affording him the opportunity to give his own evidence in the investigation thereof.

        (g) All three defendants, by failing to keep allegations under the Code of Conduct confidential.

        (h) VLS and Jefferson, by violating the provisions of the Code of Conduct by, among other things, having VLS "counsel" make a prosecutorial "closing statement" in violation of the Code which provides that "the hearing shall not be an adversarial one."

Thus Title IX provides no basis for immunity and provides no ground for granting judgment on the pleadings, but it does provide an affirmative obligation for institutions to conduct disciplinary proceedings "prompt[ly] and equitab[ly]." Title IX does not provide a basis for judgment on the pleadings.

II.    THE CLERY ACT DOES NOT IMMUNIZE DEFENDANTS
       FROM TORT, CONTRACTUAL OR STATUTORY LIABILITY

Defendants also rely on the Clery Act, 20 U.S.C. §1092(f), MJOP at 7, but other than identifying it they do not identify any provision on which they rely.

The Clery Act – long title, "Jeanne Clery Disclosure of Campus Security Policy and Campus Crime and Statistics Act" – merely requires Title IX institutions to maintain and

publish statistics on crimes at or near their campuses and to publish information about their security policies, whatever those policies may be. It does not require schools to adopt any particular policies and it contains no immunities from civil liability. It does not provide a basis for judgment on the pleadings.

III.   THE MOTION DOES NOT ADDRESS COUNT FIVE

While the motion nominally seeks judgment on all four counts against VLS and Jefferson, it does not seem to address Count V which is based on VLS' contractual (based on the handbook and statements to plaintiff) and statutory (FERPA) obligations to provide plaintiff with timely grade reports and his transcript.

In any event, these claims have been adequately pleaded (e.g., Paragraphs 41-45 & 70-73 of the complaint), and the motion should be denied.

The motion for judgment on the pleadings should be denied in all respects.

Dated:  December 30, 2010

                                   JOSHUA VAUGHAN,
                                   Plaintiff,

                                   /s/ W. E. Whittington
                                   W. E. Whittington

W. E. Whittington (Bar No. 000520396)
Whittington Law Associates, PLLC
35 South Main Street
Hanover, NH 03755
(603) 643-2755
ned@whittington-law.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on December 30, 2010, I served the foregoing pleading on the following counsel of record, by causing it to be filed electronically via the CM/ECF filing system, on the following counsel of record:

| | |
|---|---|
| Karen McAndrew, Esq. | Thomas E. McCormick, Esq. |
| Sophie E. Zdatny, Esq. | McCormick, Fitzpatrick, Kasper & Burchand, P.C. |
| Dins, Knapp & McAndrew, P.C. | 40 George Street |
| 209 Battery St. | P.O. Box 638 |
| Burlington, VT 05401 | Burlington, VT 05402-0638 |
| | |
| kmcandrew@dinse.com | tem@mc-fitz.com |
| szdatney@dinse.com | |

             /s/ W. E. Whittington
              W. E. Whittington