UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JOSHUA VAUGHAN, | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:10-cv-276-wks |
| | ) Jury Trial Demanded |
| VERMONT LAW SCHOOL, INC., | ) |
| SHIRLEY JEFFERSON, and | ) |
| RACHEL HERBST, | ) |
| | ) |
|   Defendants. | ) |

PLAINTIFF'S ANSWER TO HERBST COUNTERCLAIM

Plaintiff, Joshua Vaughan ("Vaughan"), answers Herbst's counterclaim as follows:

1. The first sentence is denied; Herbst and Vaughan met at a private party and it was before orientation week began. Insufficient knowledge to admit or deny the second sentence. It is admitted that Vaughan drank some beer, but the term "several" is objected to as vague. The fourth and fifth sentences are admitted. As to the last sentence, Vaughan's memory is that Herbst did not initially decline but indicated not right now but maybe in a minute when they were ready to go.

2. Admitted.

3. The first three sentences are admitted, except as to the term "a lot," which is objected to as vague. The last sentence is admitted, except that Vaughan does not remember the specific length of time, and Herbst stated she should leave because her mother was at her apartment; after Herbst stated that she was going to have to go, however, she engaged in mutual kissing with Vaughan for approximately 15 to 20 minutes.

4. Herbst stood up only once and that is when she and Vaughan started to kiss. Vaughan has testified to his recollection at the September 3, 2010 hearing and incorporates

1

his testimony at that hearing by reference. Vaughan denies that Herbst refused any of his actions prior to having consensual intercourse with him. Except as admitted and denied above, insufficient knowledge to admit or deny.

5. Insufficient recollection to admit or deny all of the details in Paragraph 5, but Vaughan has testified to his recollection at the September 3, 2010 hearing and incorporates his testimony at that hearing by reference. Vaughan does not recollect offering to give a back massage. Vaughan objects to the term "intoxicated" as vague; in any event it was clear that Herbst understood what she was doing. Herbst did state that she should be going home, but in the context of the lateness of the hour and her concern that her mother was staying in her apartment and she did not want to spend the entire night with Vaughan. Her actions, as well as her testimony at the September 3, 2010 hearing, made it clear that she was not being held in Vaughan's apartment against her will. Herbst testified that when she was on Vaughan's bed he "did [not] ever physically restrain [her] in any way." Except as admitted and denied above, insufficient knowledge to admit or deny.

6. Insufficient recollection to admit or deny all the details in Paragraph 6, but Vaughan has testified to his recollection at the September 3, 2010 hearing and incorporates his testimony at the hearing by reference. Vaughan denies that he started taking her pants off and recalls that both were mutually undressing. Vaughan denies that Herbst tried to get up and leave. Vaughan denies that Herbst pushed his hands away or that she shook her head no or otherwise indicated non-consent; indeed she was a mutual and enthusiastic participant in their sexual activities. They stopped kissing and petting and then each lay on his/her respective side of the bed. Herbst then re-instigated the sexual conduct which progressed to intercourse. The comment in the next-to-last sentence is admitted. No

2

specific recollection as to the last sentence but Vaughan understood Herbst did not want to spend the entire night as her mother was staying with her in her apartment. Except as admitted or denied above, insufficient knowledge to admit or deny.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Admitted that Vaughan's conduct was intentional, but it was not wrongful. Otherwise, denied.

14. Denied.

15. Denied.

16. Denied that any emotional distress was caused by wrongful actions of Vaughan.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Admitted that Vaughan's conduct was intentional, but it was not wrongful.

22. Denied.

## Affirmative Defenses

1. Consent.

2. License.

WHEREFORE Vaughan respectfully requests that the court enter judgment in his favor and against Herbst on all counts of the Counterclaim.

Dated: February 3, 2011

                                                    JOSHUA VAUGHAN,
                                                  Plaintiff,

                                                /s/ W. E. Whittington
                                                  W.E. Whittington

W. E. Whittington (Bar No. 000520396)
Whittington Law Associates, PLLC
35 South Main Street
Hanover, NH 03755
(603) 643-2755
ned@whittington-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2011, I served the foregoing pleading on the following counsel of record, by causing it to be filed electronically via the CM/ECF filing system, on the following counsel of record:

| | |
|---|---|
| Karen McAndrew, Esq. | Thomas E. McCormick, Esq. |
| Sophie E. Zdatny, Esq. | McCormick, Fitzpatrick, Kasper & Burchand, P.C. |
| Dins, Knapp & McAndrew, P.C. | 40 George Street |
| 209 Battery St. | P.O. Box 638 |
| Burlington, VT 05401 | Burlington, VT 05402-0638 |
| | |
| kmcandrew@dinse.com | tem@mc-fitz.com |
| szdatney@dinse.com | |

                                                /s/ W. E. Whittington
                                                W.E. Whittington