```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

JOSHUA VAUGHAN,                    :
                                   :
         Plaintiff,                :
                                   :
                                   :     Case no. 2:10-cv-267
         v.                        :
                                   :
VERMONT LAW SCHOOL, INC.,          :
SHIRLEY JEFFERSON, and             :
RACHEL HERBST,                     :
                                   :
         Defendants.               :

**MEMORANDUM AND ORDER**

Plaintiff Joshua Vaughan has brought this civil action against defendants Vermont Law School ("VLS"), Shirley Jefferson (VLS's Dean for Student Affairs and Diversity), and Rachel Herbst for compensatory and punitive damages resulting from Herbst's complaint to VLS about her alleged sexual assault by Vaughan and VLS's handling of this complaint. Vaughan's verified complaint includes five claims: defamation (against Herbst); negligence (against VLS, Jefferson and Herbst); intentional infliction of emotional distress (against VLS, Jefferson and Herbst); negligent infliction of emotional distress (against VLS, Jefferson and Herbst); and breach of contract and FERPA obligations (against VLS). Herbst has filed counterclaims against Vaughan for battery and intentional infliction of emotional distress.

Currently pending before the Court is VLS and Jefferson's motion for judgment on the pleadings for failure to state a claim. ECF No. 7. A hearing on this and other motions was held on February 4, 2011. For the reasons that follow, the motion for judgment on the pleadings is **granted** with respect to Vaughan's intentional infliction of emotional distress (IIED) claim, and **denied** with respect to the claims of negligence, negligent infliction of emotional distress, and breach of contract and FERPA obligations.

**Factual Background**

Vaughan and Herbst are both members of VLS's class of 2012. On August 15, 2009, prior to the start of the 2009-10 academic year, they met at a social gathering. Later that night, after both of them had consumed alcohol, they went to Vaughan's apartment and had sexual intercourse. Vaughan claims the sex was consensual, while Herbst claims that she expressed to Vaughan that she did not want to have sexual relations with him.

Herbst did not report the incident until January 2010, at which point she filed a complaint with VLS after consulting with two VLS Student Ambassadors. Jefferson called Vaughan to her office for a meeting on February 2, 2010, during which she asked him about Herbst's allegations. On February 3, 2010, Jefferson made a determination that it was more probable than not that Vaughan had violated the VLS Code of Conduct. After consulting

with Vaughan to determine whether he wanted to proceed directly to a formal hearing or have the complaint investigated first, Jefferson appointed independent investigators to investigate the complaint. On March 30, 2010, Herbst informed Jefferson that she did not want further involvement in the investigation or in any subsequent hearing. The investigators, Barbara Church and Keith Engle, submitted a report on April 6, 2010 ("the Church-Engle report"), in which they reported that Herbst expressed uncertainty about whether she verbally said "no" and that, "assuming that Ms. Herbst's accounts are accurate, [they could not] say that Mr. Vaughan understood that Ms. Herbst did not want to have intercourse with him[.]" ECF No. 7-2, 6.[1] The report also found that "given the amount of drinking that had occurred, it is possible that Ms. Herbst was not sober enough to give informed consent and that Mr. Vaughan was not able to understand the gestures Ms. Herbst was making[.]" *Id*. The Report noted that under the VLS Code of Conduct "[i]mpaired judgment because of the use of alcohol or other drugs is not a defense to a charge of sexual assault." *Id*. at 7.

---

[1] At the hearing held on February 4, 2011, the Court ruled that the Church-Engle report was incorporated by reference into the complaint. The Court may therefore consider the report in deciding the motion for judgment on the pleadings. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010) ("Because [Plaintiff] referred in her complaint to her e-mails . . . , the District Court could deem them incorporated in the complaint and therefore subject to consideration in its review of the adequacy of the complaint.")

On April 16, 2010, after reviewing the Church-Engle report, Jefferson made another determination that there were reasonable grounds to believe that Vaughan had violated the Code of Conduct by committing sexual assault and sexual harassment. On April 23, she met with Vaughan and informed him that VLS would pursue both sexual assault and sexual harassment charges against him. However, she indicated that VLS would drop the sexual assault charge if he would waive his right to a formal hearing and admit to the sexual harassment offense. Vaughan asked that he be allowed to wait until after final exams to make his decision. VLS indicates that it granted this request in part because Vaughan agreed to waive any right he had to have a hearing take place within a certain period of time under the Code of Conduct. Reply in Supp. of Mot. for J. on Pleadings, 6. However, Vaughan represents that he was initially informed that the hearing would take place sometime between the end of exams (May 14, 2010) and graduation (May 22, 2010). Compl., 13.

Vaughan elected to go forward with a hearing, which was held on September 3, 2010. At the hearing, the panel indicated that Vaughan had not been given adequate notice of and opportunity to respond to the sexual harassment allegation and offered to suspend the hearing so that an investigation of that allegation could be performed. Vaughan elected to continue with the

hearing. At the conclusion of the hearing, the panel found that both charges against Vaughan were "unfounded."

During the course of the investigation, VLS refused to release Vaughan's grade reports or transcript to him. The grade reports and transcript were ultimately released after the hearing, on September 28, 2010. Vaughan also alleges that VLS, Jefferson and Herbst disclosed confidential information from Herbst's complaint to the VLS community.

## Discussion

"To survive a Rule 12(c) motion, [a plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." " *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)); Fed. R. Civ. P. 12(c)). In deciding the motion, the Court is to accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id*. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 554 (2007) (internal quotations omitted).

Jefferson and VLS (collectively "the VLS Defendants") assert that they are obligated under federal law – namely Title IX of

the Educational Amendments to the Civil Rights Act, 20 U.S.C. § 1681, the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime and Statistics Act, 20 U.S.C. § 1092(f), and regulations promulgated by the Department of Education's Office for Civil Rights – to investigate allegations of sexual assault in a prompt and effective manner that is consistent with the institution's published polices for resolving such allegations. Mot. for J. on Pleadings., 7-11. The VLS Defendants argues that Vaughan's complaint fails to allege any facts suggesting that they did anything other than investigate Herbst's allegations against him in a manner consistent with VLS's published policies. Accordingly, the VLS Defendants assert that Vaughan's claims that they acted unreasonably or in bad faith in handling Herbst's allegations are not supported by the facts alleged in the complaint.

Vaughan concedes that, as a Title IX institution, VLS has an obligation to "adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging" sexual assault or harassment. Pl.'s Obj'n to Mot. for J. on Pleadings, 2-3 (quoting 34 C.F.R. § 106.8). However, he argues that his complaint makes specific factual allegations regarding the way VLS handled the particular complaint at issue in this case which, if accepted as true, are sufficient to sustain his claims that the VLS Defendants acted

negligently and in violation of their contractual obligations. *See* Compl., 17-21. The Court agrees. For example, Vaughan's complaint alleges that VLS and Jefferson acted negligently in deciding to go forward with the investigation and hearing after receiving the results of the Church-Engle report, in failing to give Vaughan the opportunity to respond to the sexual harassment allegation prior to the hearing, in acting in a prosecutorial capacity during the hearing despite a provision of the Code of Conduct which indicates that disciplinary hearings are not to be adversarial, and in failing to keep the allegations against Vaughan confidential.[2] At this early phase of the litigation, the Court cannot conclude that these specific factual allegations, taken as true, would fail to sustain Vaughan's negligence-based claims. Likewise, Vaughan's allegation that VLS, in refusing to provide him with a transcript or grade reports prior to September 28, 2010, violated "an implied contractual obligation, based on its Student Handbook 2009-2010, the course of dealing and [FERPA]" is sufficient to state a claim for relief on a contract-based theory. Compl., 20.

---

[2] At the oral argument, Vaughan acknowledged that he currently has no direct evidence that VLS or Jefferson leaked information about the allegations to the VLS community. Nonetheless, the question at this point is not whether Vaughan has direct evidence of each of his factual allegations. It is whether Vaughan has made allegations which, if taken as true, are sufficient to state his claims.

However, as a matter of law, Vaughan has not included in his Complaint factual allegations sufficient to sustain the intentional infliction of emotional distress claim. In *Fellheimer v. Middlebury College*, Judge Parker held that "[a] college's decision, when confronted with a female student's accusation of rape, to confront the male student with the charges, hold a hearing, and support the findings of the initial tribunal on appeal, even where various procedural errors are alleged, cannot form the basis of an IIED claim." 869 F. Supp. 238, 247 (D. Vt. 1994). He noted that, in that case, "the conduct alleged on the part of the College [was] neither extreme nor outrageous."[3] At the hearing held on February 4, 2011, the Court specifically asked Vaughan's counsel what factual allegations he is relying upon to support his IIED claim. Counsel indicated that he is relying on the same allegations he is using to support his negligence-based claims. As in *Fellheimer*, Vaughan's allegations that VLS and Jefferson failed to adhere to VLS's own policies and otherwise acted in breach of their duties of care during the course of their investigation of

---

[3] To state a claim for intentional infliction of emotional distress, a plaintiff must allege "outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotion distress, actually or proximately caused by the outrageous conduct." *Crump v. P & C Food Market, Inc.*, 154 Vt. 284, 296, 576 A.2d 441 (1990) (quoting *Sheltra v. Smith*, 136 Vt. 472, 476, 392 A.2d 431 (1978)).

the sexual assault complaint do not assert facts sufficient to sustain the element of extreme and outrageous conduct.

For the foregoing reasons, VLS and Jefferson's motion for judgment on the pleadings is **granted** with respect to Vaughan's IIED claim and **denied** with respect to the claims of negligence, negligent infliction of emotional distress, and breach of contract and FERPA obligations.

Dated at Burlington, in the District of Vermont, this 9th day of February, 2011.

/s/ William K. Sessions III  
U.S. District Court Judge