**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| JOSHUA VAUGHAN, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>VERMONT LAW SCHOOL, INC., )<br>SHIRLEY JEFFERSON, and )<br>RACHEL HERBST, )<br>　　Defendants. )<br> ) | Docket No. 2:10-cv-276-wks |

## VERMONT LAW SCHOOL, INC. AND SHIRLEY JEFFERSON'S MOTION FOR RECONSIDERATION

NOW COME Defendants Vermont Law School, Inc. ("VLS") and Associate Dean Shirley Jefferson ("Dean Jefferson"),[1] by and through their attorneys, Dinse, Knapp & McAndrew, P.C., and respectfully move, pursuant to Local Rule 7(c) for reconsideration of the Court's Memorandum and Order dated February 9, 2011, denying the VLS Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's Negligent Infliction of Emotional Distress claim.

## Memorandum of Law

A court is justified in reconsidering its previous ruling if it is necessary "to prevent obvious injustice." *Walker v. Teachers Ins. and Annuity Ass'n of America-College*, No. 1:09-CV-190, 2010 WL 3069829, at *2 (D. Vt. Aug. 4, 2010) (quoting *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.R.D. 15, 16 (N.D.N.Y. 1995)). Reconsideration is also appropriate where the moving party demonstrates that the Court has overlooked "factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have

---

[1] VLS and Dean Jefferson are also referred to collectively as the VLS Defendants.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

{B0668404.1 04427-0022}

reasonably altered the result before the court." *Chet's Shoes, Inc. v. Kastner*, 710 F. Supp. 2d 436, 454 (D.Vt. 2010) (quoting *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)).

The VLS Defendants previously moved for judgment on the pleadings for failure to state a claim. (ECF No. 7). After the Motion was fully briefed (ECF Nos. 11 and 16), the Court heard the parties' arguments on the Motion at a hearing held on February 4, 2011. The original motion generally argued that Mr. Vaughan had failed to state a claim against the VLS Defendants where the facts alleged in the Complaint established that VLS complied with both its legal obligations and its own policies in conducting its investigation into the sexual assault allegations against Mr. Vaughan. In its Memorandum and Order, the Court found that "Vaughan has not included in his Complaint factual allegations sufficient to sustain the intentional infliction of emotional distress claim," ECF No. 33 at 8, but "[a]t this early phase of the litigation, the Court cannot conclude that these specific factual allegations, taken as true, would fail to sustain Vaughan's negligence-based claims." *Id.* at 7. This is the Court's only substantive reference to Mr. Vaughan's negligent infliction of emotional distress claim.

The specific factual allegations that the Court takes as true for purposes of its ruling, however, go to Mr. Vaughan's <u>negligence</u> claim, not his negligent infliction of emotional distress claim. *See* ECF No. 33 at 7 (recitation of allegations assumed to be true for purposes of deciding the motion). In its Memorandum and Order, the Court did not specifically address Mr. Vaughan's negligent infliction of emotional distress claim but appears to have subsumed this within its discussion of the negligence claim. The VLS Defendants hereby move the Court to reconsider its Memorandum and Order with respect to Mr. Vaughan's negligent infliction of emotional distress claim because his Complaint fails to allege facts necessary to support this

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

claim under the *Iqbal/Twombly* pleading standard. *See generally* ECF No, 16 at 2-4 (discussing the "plausible claim for relief" standard for federal pleadings).

In Vermont, "[t]o establish a claim for negligent infliction of emotional distress, a plaintiff must make a threshold showing that he or someone close to him faced physical peril." *Brueckner v. Norwich Univ.*, 169 Vt. 118, 125, 730 A.2d 1086, 1092 (1999). Furthermore,

> The prerequisites for establishing a claim differ according to whether plaintiff suffered a physical impact from an external force. *See Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F.Supp. 1566, 1576-77 (S.D. Fla.1992). If there has been an impact, plaintiff may recover for emotional distress stemming from the incident during which the impact occurred. *See id.* If plaintiff has not suffered an impact, plaintiff must show that: (1) he was within the "zone of danger" of an act negligently directed at him by defendant, (2) he was subjected to a reasonable fear of immediate personal injury, and (3) he in fact suffered substantial bodily injury or illness as a result. *See Vaillancourt v. Medical Ctr. Hosp. of Vermont*, 139 Vt. 138, 143, 425 A.2d 92, 95 (1980).

*Id.* at 125, 730 A.2d at 1092. *See In re Montagne,* 425 B.R. 111, 129 (Bankr. D. Vt. 2009) (applying same test in dismissing plaintiff's negligent infliction of emotional distress claim). In *Brueckner,* the plaintiff suffered from post-traumatic-stress disorder and a major depressive disorder as a result of his perception that he was at risk of serious physical injury during a number of hazing incidents. *Id.*

Mr. Vaughan has not suffered an impact from an external force. In fact, like the plaintiff in *Agee v. Grunert,* 349 F. Supp. 2d 838, 846 (D. Vt. 2004), Mr. Vaughan has failed to allege that any of the defendants placed him or someone close to him in physical peril. Furthermore, he has not alleged that he was within a "zone of danger" and was subjected to a "reasonable fear of immediate personal injury" such that, as a result of such imminent danger, he "suffered substantial bodily injury or illness," as required to state a claim for negligent infliction of emotional distress in Vermont. In Count IV of his Complaint, Mr. Vaughan alleges only that one or more of the defendants acted negligently and their negligent acts and omissions caused

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

{B0668404.1 04427-0022}

3

him to be damaged and injured, resulting in severe emotional distress and bodily harm. ECF No. 1, ¶¶ 66-69. Such allegations are factually insufficient to survive a motion for judgment on the pleadings on his negligent infliction of emotional distress claim. If one assumes all facts alleged in the Complaint to be true, as required at this juncture, Mr. Vaughan has failed to allege the existence of any physical peril, zone of danger, or reasonable fear of immediate personal injury that caused him substantial bodily injury or illness as required for a negligent infliction of emotional distress claim.

WHEREFORE, the VLS Defendants move the Court to reconsider its denial of the VLS Defendants' Motion for Judgment on the Pleadings with respect to Mr. Vaughan's negligent infliction of emotional distress claim.

DATED at Burlington, Vermont, this 17th day of February, 2011.

DINSE, KNAPP & McANDREW, P.C.

By: /s/ Sophie E. Zdatny, Esq.
Karen McAndrew, Esq.
Sophie E. Zdatny, Esq.
209 Battery St.
Burlington, VT 05401
(802) 864-5751
Attorneys for Defendants Vermont Law School, Inc. and Shirley Jefferson

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

{B0668404.1 04427-0022}

**CERTIFICATE OF SERVICE**

I, Sophie E. Zdatny, Esq., certify that on February 17, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

> Thomas E. McCormick, Esq.
> W. E. Whittington, Esq.

A copy of the foregoing has also been served upon the following parties by mailing a copy thereof via U.S. first class, postage prepaid mail, to counsel of record at:

> None.

> DINSE, KNAPP & McANDREW, P.C.
>
> By: /s/ Sophie E. Zdatny, Esq.
>     Sophie E. Zdatny, Esq.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

{B0668404.1 04427-0022}