UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JOSHUA VAUGHAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Case no. 2:10-cv-276 |
| v. | : | |
| | : | |
| VERMONT LAW SCHOOL, INC., | : | |
| SHIRLEY JEFFERSON, and | : | |
| RACHEL HERBST, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Defendants Vermont Law School ("VLS") and Shirley Jefferson have moved for reconsideration of this Court's Memorandum and Order of February 9, 2011, denying their motion for judgment on the pleadings with respect to Plaintiff Joshua Vaughan's negligent infliction of emotional distress (NIED) claim. Mot. to Recons., ECF No. 36.[1] Familiarity with the factual background as outlined in the Memorandum and Order is assumed. For the reasons that follow, the motion to reconsider is **granted**. Upon reconsideration, VLS and Jeferson's motion for judgement on the pleadings with respect to the NIED claim is **granted**. The NIED

---

[1] In the Memorandum and Order, the Court also denied VLS and Jefferson's motion for judgment on the pleadings with respect to Vaughan's negligence claim and contract claim and granted the motion with respect to Vaughan's intentional infliction of emotional distress claim. VLS and Jefferson do not seek reconsideration of denial of their motion for judgment on the pleadings on Vaughan's negligence claim and contract claim.

claim is dismissed without prejudice.

It is well settled that "[t]he standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion to reconsider should not be granted to relitigate an issue already decided." *Id.*

In their original motion for judgment on the pleadings, VLS and Jefferson "generally argued that Mr. Vaughan had failed to state a claim against [them] where the facts alleged in the Complaint established that VLS complied with both its legal obligations and its own policies in conducting its investigation into the sexual assault allegations against Mr. Vaughan." Mot. to Recons. 2. The Court held that, as a matter of law, Vaughan had failed to state a claim for intentional infliction of emotional distress because the conduct he alleged was "neither extreme nor outrageous." Mem. and Order, February 9, 2011, ECF No. 33 (quoting *Fellheimer v. Middlebury College*, 869 F. Supp. 238, 247 (D. Vt. 1994)). However, the Court found that Vaughan's complaint – which alleges that VLS, during the course of its investigation of the sexual assault complaint against Vaughan,

failed to give proper weight to an investigative report it had commissioned, failed to give Vaughan proper notice of the allegations against him, and failed to keep details of the investigation confidential – raised factual allegations sufficient to sustain his "negligence-based claims." *Id*. The Court also found that Vaughan's allegation that VLS had refused to provide him with a transcript or grades in a timely matter was sufficient to state a claim for relief on a contract-based theory. *Id*.

In their motion for reconsideration, VLS and Jefferson raise, for the first time, the argument that the factual allegations in Vaughan's complaint fail to support the NIED claim because Vaughan does not allege that these defendants caused him to suffer a "physical impact" or placed him in the "zone of danger." Mot. to Recons. 3 (quoting *Brueckner v. Norwich Univ.*, 730 A.2d 1086, 1092 (1999)). Because these newly raised matters "might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d at 257, the motion to reconsider is **granted**.[2]

---

[2] Generally, "a losing party examining a decision and then plugging the gaps of the lost motion with additional matters" is not entitled to reconsideration. *Lewis v. Rosenfeld*, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (internal quotation and citation omitted). However, a motion for reconsideration should be granted where "it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Walker v. Teachers Ins. and Annuity Ass'n of American College*, No. 1:09-CV-190, 2010 U.S. Dist. LEXIS 78604, at *5 (D. Vt. Aug. 4, 2010) (quoting *Hester*

Under Vermont law, "[t]o establish a claim for negligent infliction of emotional distress, a plaintiff must make a threshold showing that he or someone close to him faced physical peril." *Brueckner*, 730 A.2d at 1092. "The prerequisites for establishing a claim differ according to whether plaintiff suffered a physical impact from an external force." *Id*. "If there has been an impact, plaintiff may recover for emotional distress stemming from the incident during which the impact occurred." *Id*.

Vaughan asserts that his complaint "does allege facts which amount to 'physical impact' and 'bodily injury[.]'" Opp'n to Mot. to Recons. 1, ECF No. 43. Specifically, the complaint alleges that VLS Student Ambassador Chris Gutschenritter "physically assaulted" Vaughan on January 22, 2010 "without provocation or warning[.]" Compl. ¶ 17 n.3, ECF No. 1. The complaint states that student ambassadors "are students appointed by VLS and Dean of Diversity Jefferson who work for the VLS Office of Student Affairs and Diversity and offer assistance, peer counseling, information and referral, and are agents of VLS and the Dean of Diversity." *Id*. at ¶ 17. The complaint suggests that Gutschenritter assaulted Vaughan because he "apparently

---

*Indus., Inc. v. Tyson Foods, Inc.*, 160 F.R.D. 15, 16 (N.D.N.Y. 1995)). As explained in more detail *infra*, VLS and Jefferson's newly raised arguments do in fact alter the Court's conclusion regarding the NIED claim. Reconsideration is therefore appropriate.

4

thought Plaintiff had sexually assaulted Herbst." *Id*. at ¶ 48.[3]
Among the "damages flowing from the Defendants' wrongful conduct" identified in the complaint, Vaughan states that "[f]rom March 2010 to present he has suffered severe stomach ulcers." *Id*. at ¶ 49.

The Defendants argue, and Vaughan concedes, that in order for VLS and Jefferson to be held liable for emotional distress suffered as a result of the alleged assault by Gutschenritter, Gutschenritter would have to have been acting as an agent of the Defendants at the time of the assault. Vaughan argues that Gutschenritter was an agent of VLS and Jefferson because he had been hired to serve as a student ambassador.

"To be within the scope of employment, conduct must be of the same general nature as, or incidental to, the authorized conduct." *Brueckner*, 730 A.2d at 1092 (citing Restatement

---

[3] VLS and Jefferson argue that exhibits submitted by the Defendants and Plaintiff, which detail Vaughan's complaints to VLS regarding the assault, suggest that the physical confrontation was provoked not by the allegations Herbst made against Vaughan but by an interaction Vaughan had with Gutschenritter's girlfriend. *See* ECF Nos. 43-1, 46-1. Because these exhibits were not part of the original pleadings, the Court may not consider them without converting the motion for judgment on the pleadings to a motion for summary judgment. Fed. R. Civ. P. 12(d). The Court elects not to convert the motion and therefore disregards the exhibits. For the purposes of deciding the motion for judgment on the pleadings, then, the Court accepts as true the allegation in the complaint that Gutschenritter assaulted Vaughan because he believed Vaughan had sexually assaulted Herbst.

5

(Second) of Agency § 229(l) (1958)). "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master." *Id*. (citing Restatement (Second) of Agency § 228(2)). Vaughan's complaint does not allege any facts suggesting that, at the time Gutschenritter assaulted him, Gutschenritter was acting within the scope of his employment as a VLS student ambassador. Indeed, it is difficult to imagine a factual scenario in which the physical assault of a law student could be plausibly characterized as being within the scope of the employment of one hired to "offer assistance, peer counseling, information and referral" to fellow students. Compl. ¶ 17. Such conduct is not only "too little actuated by a purpose to serve the master," it is directly counter to the interests of the master. *Brueckner*, 730 A.2d at 1092 (citing Restatement (Second) of Agency § 228(2)).

In short, Vaughan's complaint lacks "sufficient factual matter, accepted as true, to 'state a claim, . . . plausible on its face,'" that Gutschenritter was acting as an agent of VLS and Jefferson when he committed the alleged assault. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Because the complaint does not plausibly allege that the Defendants named in the NIED claim

may be held vicariously liable for the actions of the person alleged to have caused the physical impact upon which the NIED claim is based, the Court **grants** the Defendants's motion for judgment on the pleadings with regard to that claim. The NIED claim is dismissed without prejudice.

Dated at Burlington, in the District of Vermont, this 22nd day of March, 2011.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge