UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |
|---|---|
| JOSHUA VAUGHAN,<br>　　Plaintiff,<br><br>v.<br><br>VERMONT LAW SCHOOL, INC.,<br>and SHIRLEY JEFFERSON,<br>　　Defendants. | Docket No. 2:10-cv-276-wks |

**DEFENDANTS' RESPONSE TO PLAINTFIF'S MOTION FOR
CONDITIONAL DISMISSAL WITHOUT PREJUDICE
*IF, BUT ONLY IF*, PLAINTIFF IS SUCCESSFUL ON APPEAL**

NOW COME Defendants Vermont Law School, Inc. ("VLS") and Shirley Jefferson, its Associate Dean for Student Affairs and Diversity ("Dean Jefferson"), by and through their attorneys, Dinse, Knapp & McAndrew, P.C., and submit this Response to Plaintiff's Motion for Conditional Dismissal (ECF No. 92). Given the prevailing law in the Second Circuit Court of Appeals, Defendants do not oppose Plaintiff's Motion on the understanding that the practical import of Plaintiff's Motion is that all of his claims in this case will be finally and irrevocably dismissed with prejudice <u>unless</u> he prevails in his appeal of the Court's rulings in its August 4, 2011 Memorandum and Order (ECF No. 82) and its subsequent affirmation of that decision in its Memorandum and Order, dated September 12, 2011 (ECF No. 90), denying Plaintiff's Motion for Reconsideration.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

Plaintiff contends here, as he did in is Motion for Reconsideration (ECF No. 85), that given the Court's rulings, his "remaining claims are unviable" and he is "not prepared to continue." Motion at 1 (explaining Plaintiff's unwillingness to proceed based upon the principles outlined by the Court in its August 4, 2011 and September 12, 2011 decisions).

The Second Circuit has recognized an exception to the finality rule set forth in 28 U.S.C. § 1291 and the policy against piecemeal litigation. "We [have] recognized an exception to this rule where 'a plaintiff's ability to reassert a claim is made conditional on obtaining a reversal from this court.' Under these circumstances, a judgment may be deemed 'final,' because the plaintiff 'runs the risk that if his appeal is unsuccessful, his ... case comes to an end.'" *SEC v. Gabelli*, 2011 WL 3250556, *5 (2d Cir. Aug. 1, 2011) (quoting *Purdy v. Zeldes,* 337 F.3d 253, 258 (2d Cir. 2003). Thus, where, as here, "a plaintiff's ability to reassert a claim is made conditional on obtaining a reversal from [the Second Circuit], the finality rule is not implicated in the same way" and a conditional waiver "creates a final judgment reviewable" by the Second Circuit." *Purdy*, 337 F.3d at 258.

In *Purdy,* the Second Circuit held that an appealable final judgment had been entered when the district court granted summary judgment to the defendants on two of plaintiff's three claims, while denying summary judgment on the third, and granted plaintiff's motion for voluntary dismissal of the third claim without prejudice to re-filing in the event of reversal on appeal of the dismissal of the other claims. *See also Rabbi Jacob Joseph School v. Province of Mendoza,* 425 F.3d 207, 201 (2d Cir. 2005) ("Immediate appeal is available to a party willing to suffer voluntarily the district court's dismissal of the whole action with prejudice" because "[t]his rule "furthers the goal of judicial economy by permitting a plaintiff to forgo litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end.") (internal citation omitted); *Atlanta Shipping Corp., Inc. v. Chemical Bank,* 818 F.2d

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

2

240, 246 (2d Cir. 1987) ("A party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling. . . . He is not obliged to try to completion a claim he is willing to abandon as the price of securing review of the dismissal of the claims he deems important.").

Plaintiff's effort here to manufacture a dismissal in order to secure entry of a final judgment that will support appeal and review of an otherwise interlocutory and unappealable order is an acceptable approach in the Second Circuit for a plaintiff whose case may no longer be viable even though some portion of it remains formally alive. For example, in *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.,* 814 F.2d 90 (2d Cir.1987), after summary judgment was granted with respect to some of plaintiff's theories, plaintiff concluded that the remaining theories had been so limited by the order that there was insufficient evidence to proceed to trial and so successfully moved for an order dismissing all of the remaining claims and granting the defendant's counterclaims. "Allowing such an appeal following a voluntary dismissal with prejudice . . . furthers the goal of judicial economy by permitting a plaintiff to forego litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end." *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 654 (2d Cir. 1996).

## **CONCLUSION**

Based upon the law of the Second Circuit Court of Appeals, Defendants do not oppose Plaintiff's Motion to dismiss conditionally all of his claims without prejudice, if he obtains a reversal of the Court's August 4, 2011 Memorandum and Order on appeal, where all of his claims will otherwise be dismissed with prejudice if he fails to prevail on appeal.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

3

Dated at Burlington, Vermont, this 28th day of September, 2011.

DINSE, KNAPP & McANDREW, P.C.

By: Sophie E. Zdatny, Esq.
    Sophie Zdatny, Esq.
    Karen McAndrew, Esq.
    209 Battery St.
    Burlington, VT 05401
    (802) 864-5751
    szdatny@dinse.com
    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Sophie E. Zdatny, Esq., certify that on September 28, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

W. E. Whittington, Esq.

Dated at Burlington, Vermont, this 28th day of September, 2011.

DINSE, KNAPP & McANDREW, P.C.

By: /s/ Sophie E. Zdatny, Esq.
    Sophie E. Zdatny, Esq.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

4