MANDATE

11-4350-cv
Vaughan v. Vt. Law Sch., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand twelve,

Present:    ROSEMARY S. POOLER,
                *Circuit Judge*,
            LAWRENCE E. KAHN,
                *District Judge*.[*][**]

_____

JOSHUA VAUGHAN,

    *Plaintiff-Appellant*,

            -v-                                                    11-4350-cv

VERMONT LAW SCHOOL, INC., and SHIRLEY JEFFERSON,

    *Defendants-Appellees*.[***]

_____

---

[*] The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

[**] Judge Kearse, a member of the original panel, subsequently recused herself. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

[***] The Clerk of the Court is directed to change the caption as set out above.

MANDATE ISSUED ON 12/28/2012

| Appearing for Appellant: | W.E. Whittington, Whittington Law Associates, PLLC, Hanover, NH |
|---|---|
| Appearing for Appellees: | Karen McAndrew (Sophie E. Zdatny, *on the brief*), Dinse, Knapp, & McAndrew, P.C., Burlington, VT |

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant appeals from the district court's partial denial of leave to amend and grant of summary judgment, dated August 4, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[A] denial of leave to amend on the ground that the proposed new complaint does not state a claim on which relief can be granted is a decision based on a legal ruling and is one that we . . . review de novo." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185-86 (2d Cir. 2012). Upon review of Appellant's amended complaint, we affirm the district court's decision that the claims of intentional infliction of emotional distress were insufficient as a matter of law. As the Vermont Supreme Court has stated, a plaintiff's burden in proving this tort is a "heavy one." *Fromson v. State*, 848 A.2d 344, 347 (Vt. 2004). The plaintiff "must show defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable." *Id.* (quoting *Dulude v. Fletcher Allen Health Care, Inc.*, 307 A.2d 390, 398 (Vt. 2000)). The allegations of the complaint, taken in the light most favorable to the Appellant, simply do not rise to the level of "atrocious and intolerable."

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

It is undisputed that the relationship between the parties here was contractual in nature and governed by Vermont Law School's Code of Conduct. While we recognize that the Code does not explicitly address the time *between* admission and enrollment, we conclude that the School's authority over admitted students during this time period is reasonably inferred. While the absence of an express indication of authority here does in no way alter our analysis, we note that other institutions of higher learning have specifically addressed their jurisdiction over individuals during this pre-enrollment period in the language of their student codes of conduct. Such clarity would provide notice to all applicants to conform their behavior accordingly and would obviate the need for courts to fill in contractual gaps. We conclude that the law school indeed had the authority to pursue investigative and disciplinary measures for conduct that occurred prior to enrollment and conduct that occurred off-campus. Furthermore, post-

secondary institutions have an independent duty to investigate and end harassment "whether or not the student who was harassed makes a complaint or otherwise asks the school to take action." U.S. Dep't of Education, Revised Sexual Harassment Guidance: Harassment of Students By School Employees, Other Students, or Third Parties 15 (2001).

We find the Appellant's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit